DECISION AND JUDGMENT ENTRY
{¶ 1} Jason Kersey appeals his conviction for violating a civil protection order and contends there is insufficient evidence to support his conviction. We agree. The protection order prohibits Kersey from initiating any contact with Jennifer Lyle; it does not require him to prevent others from contacting her. In order to find him guilty of violating the order, there must be evidence of some action on Kersey's part, whether it be contacting her personally or contacting her through another person. Inaction alone is not sufficient. Because the evidence presented at trial indicates that Kersey played no role in his wife's phone calls to Lyle, we conclude his conviction is not supported by sufficient evidence. Accordingly, we reverse Kersey's conviction.
 {¶ 2} Jason Kersey and Jennifer Lyle have a child together. Kersey is the sole residential parent and custodian of their son Joseph. Lyle has visitation with Joseph on Sundays from 1:00 p.m. until 5:00 p.m.
 {¶ 3} In January 2003, Lyle obtained a Domestic Violence Civil Protection Order against Kersey. The order is effective until January 2008, and provides: "1. RESPONDENT SHALL NOT ABUSE the protected persons in this Order by harming, attempting to harm, threatening, molesting, following, stalking, bothering, harassing, annoying, contacting, or forcing sexual relations on them. * * * 7. RESPONDENT SHALL NOT INITIATE ANY CONTACT with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, and babysitters. Contact includes, but is not limited to, telephone, fax, e-mail, voice mail, delivery service, writing, or communications by any other means in person or through another person."
 {¶ 4} On February 5, 2003, Lyle received three phone calls from Kersey's home telephone number. Although Lyle did not speak to the caller, the caller ID feature on her phone indicated that the calls came from Kersey's house. The caller did not leave a message on Lyle's answering machine. As a result of the calls, Lyle filed a complaint in Jackson County Municipal Court alleging that Kersey violated the protection order. Following Kersey's not guilty plea, the case proceeded to trial.
 {¶ 5} At trial, Kersey's mother testified that she received tickets to an ice show for Sunday, February 9, 2003. She testified that Joseph wanted to attend the show but it coincided with Lyle's visitation. Therefore, she asked Kersey's wife to call Lyle and ask if Joseph could attend the show. Kersey's mother testified that she did not speak to her son about contacting Lyle.
 {¶ 6} Kersey's wife, Stephanie, also testified at the trial. She testified that Kersey's mother suggested she call Lyle to ask if Joseph could attend the ice show. Stephanie initially testified that she tried to call Lyle twice on the fifth and also tried to call prior to that day. Later, however, she indicated that it was possible the calls all occurred on the fifth. When asked if she spoke with her husband about the fact that his mother had obtained tickets for the kids (Joseph and his cousins) to attend the ice show on Sunday, Stephanie testified that Kersey "just said for us to deal with it." She testified that her husband did not tell her to call Lyle.
 {¶ 7} Following a one-day bench trial, the court convicted Kersey of violating a protection order in violation of R.C. 2917.27(A)(1). The court imposed a $150.00 fine and sentenced Kersey to 45 days in jail. The court then suspended the jail sentence and placed Kersey on probation. Kersey now appeals and raises the following assignments of error: "ASSIGNMENT OF ERROR NO. 1 — The evidence presented was insufficient to establish recklessness thereby violating the defendant's due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. ASSIGNMENT OF ERROR NO. 2 — The conviction of defendant was against the manifest weight of the evidence."
 {¶ 8} In his first assignment of error, Kersey challenges the sufficiency of the evidence supporting his conviction. He argues the state failed to prove that he violated the terms of the protection order.
 {¶ 9} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560.
 {¶ 10} The court convicted Kersey of violating a protection order in violation of R.C. 2919.27(A)(1). R.C. 2919.27(A)(1) provides that no person shall recklessly violate the terms of a protection order issued under R.C. 3113.31, which governs domestic violence protection orders. Under R.C. 2901.22(C), "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."
 {¶ 11} The protection order prohibits Kersey from having any contact or communication, either direct or indirect, with Lyle. Specifically, it states that he "shall not initiate any contact" with her. Included within the definition of contact is "telephone * * * or communications by any other means in person or through another person." The express prohibition against initiating contact with Lyle indicates that violating the protection order requires some type of action on Kersey's part. Thus, to convict Kersey of violating the protection order, the state had to prove that Kersey was somehow responsible for the calls, even if his wife actually made them.
 {¶ 12} Clearly, if Kersey had made the calls himself, he would have violated the protection order. He would also have violated the order if he had told or asked his wife to call. We are even willing to say that Kersey would have violated the order if he had encouraged his wife to call after she told him about the ice show. However, that is not the evidence in the record. The evidence presented at trial indicates that Kersey neither told nor asked his wife to call Lyle. Moreover, when his wife spoke with him about the ice show, he neither encouraged nor discouraged her from calling. Kersey's wife testified that when she told him about the ice show, he indicated that they should deal with it themselves, i.e., he did not want to be involved in the decision.
 {¶ 13} The state argues that Kersey should have made an effort to prevent his wife from calling Lyle and that his failure to do so rises to the level of recklessness. As indicated, however, violation of the provision requires some action on Kersey's part. The order prohibits him from initiating contact with Lyle. While it also prevents him from using others to contact her, it does not require him to prevent those around him from contacting her on their own initiative. Thus, Kersey's mere failure to prevent others from contacting Lyle does not result in his violating the protection order. It is only when those "others" are acting on Kersey's behalf or at his request, that Kersey violates the protection order.
 {¶ 14} While it would have been wise for Kersey to advise his wife against calling Lyle, his failure to do so does not constitute a violation of the protection order, let alone a reckless one. After viewing the evidence in a light most favorable to the prosecution, we conclude no rational trier of fact could have found the essential elements of R.C. 2919.27(A)(1) proven beyond a reasonable doubt. Thus, Kersey's first assignment of error has merit and we reverse his conviction. We do not address Kersey's argument that his conviction is against the manifest weight of the evidence as it is now moot. See App.R. 12(A)(1)(c).
Judgment Reversed.
Kline, P.J., concurs in Judgment and Opinion.
Abele, J., concurs in Judgment Only.